FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 1 5 2014

JAMES N. HATTEN, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANNA N. SIGIDA | ) |
| Plaintiff, | ) |
| vs. | ) PLAINTIFF'S VERIFIED COMPLAINT |
| MUNROE FOODS d/b/a ATLANTA BREAD COMPANY. | ) 1:14-CV-3968 |
| Defendant. | ) |



COMES NOW Plaintiff Anna N. Sigida (Plaintiff) and files this her verified complaint for legal relief to redress the unlawful violations of Plaintiff's rights under the Fair Labor Standards Act (FLSA) of 1938, 29 U.S.C. §§ 201 et seq, and specifically the overtime provisions found at § 216(b), to remedy violations of the FLSA by Munroe Foods d/b/a Atlanta Bread Restaurant (ABC, Defendant) which has deprived the Plaintiff of her lawful wages.

**Jurisdiction and Venue**

1.

Jurisdiction over Plaintiff's federal claims is based upon : (a) Section 16(b) of the FLSA, 29 U.S.C. § 216(b), which authorizes employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employer's failure to pay overtime wages as required by the FLSA; and (b) 29 U.S.C. §§ 1331 and 1337.

2.

Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all times

material herein Defendant ABC has been actively conducting business in the state of Georgia and within the geographic area encompassing the Northern District of Georgia.

## Introduction

3.

The Plaintiff is an employee of the Defendant, and brings this action as a personal action in accordance with 29 U.S.C. § 216(b) of the FLSA against the Defendant on behalf of herself, because of Defendant's unlawful deprivation of Plaintiff's rights to all wages owed. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages equitable and other relief under the FLSA, as amended, 29 U.S.C. § 201 et seq.

4.

Defendant is in the business of preparing and selling to the public breads, soups, salads, sandwiches and pastries. These items are sold through its Atlanta Bread company stores some of which are owned by franchisees and others that are owned by the franchiser.

5.

The assistant manager position is a salaried position which is expected to perform forty hours of work each week. (See Exhibit '1' attached hereto). The assistant manager position is expected to be able to do all the functions of every employee in the store and has no real managerial responsibility. Defendant specifically created this position to avoid paying overtime. (See Exhibit '2' attached hereto).

6.

The FLSA action is brought on behalf of the named Plaintiff and seeks to

recover (1) unpaid wages and overtime compensation owed to the Plaintiff; (2) obtain an equal amount in liquidated damages, as provided by Section 16(b) of the FLSA,: and (3) recover reasonable fees and costs of the action, as provided for by Section 16(b) of the FLSA.

## The Parties

7.

The Plaintiff Anna N. Sigida is a citizen of the state of Georgia and resides in Loganville, Georgia. Plaintiff is a current employee of the Defendant. During her employment with Defendant and continuing currently Plaintiff regularly works in excess of eight(8) hours in a workday and in excess of forty(40) hours in a work week.

8.

On information and belief, Defendant Munroe Foods is a limited liability company, organized in the state of Georgia with its headquarters located at 1200 Wilson Way, Suite 100, Smyrna, Georgia 30082. Defendant is qualified to and does do business in the state of Georgia and several other states.

9.

Defendant maintains either actual or constructive control, oversight or direction over the operations, sales, administration and employment practices of its restaurants.

10.

Defendant is subject to personal jurisdiction in the state of Georgia for purposes of this lawsuit and personal service can be had by serving its registered agent, Basil S. Couvaras, at 1200 Wilson Way, Suite 100, Smyrna, Georgia 30082.

11.

At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA, and has had a gross volume of sales which has exceeded $500,000.00.

12.

At all times material to this action, Defendant has been an "employer" of the Plaintiff, as defined by § 203(d) of the FLSA.

### Statement of Material Facts

13.

In January of 2008 Plaintiff was hired by a franchisee of Atlanta Bread Company as a hourly paid assistant manager. Throughout her employment with the franchisee Plaintiff was paid time and a half of her regular wages for all hours worked in excess of forty hours per week.

14.

In January of 2011 the restaurant was taken over by Munroe Foods (Defendant) the franchiser. In an attempt to curb labor costs Defendant decided that the assistant manager position should no longer be an hourly paid position but become a salaried position.

15.

At first the position was offered to Plaintiff at an annual rate of $19,000.00 with a forty hour work week expectation and remaining behind until her shift was properly ended i.e. that is her relief has arrived, her drawers had been counted, employees who had called out were replaced and preparations for the other shift were completed. This, Plaintiff was told would require at most an additional five hours per week. As this was less than Plaintiff was making at her hourly rate,

Plaintiff declined the position.

16.

A month or so later a young lady by the name of Priscilla was hired for the position and was offered $26,000.00. Plaintiff was in the midst of training her to fill the position when her employment was terminated for among other things, failure to attend work, failure to inform the general manager when she was not on time or totally failed to show up, inability to grasp the policies and procedures of the restaurant and insubordination.

17.

In July of 2012, the position was once again offered to Plaintiff at the $26,000.00 paid to Priscilla with the forty hour work week and an expectation that she would spend an extra five hours per week at work because of her additional responsibilities. Plaintiff was also advised that with the new bonus structure, the bonus would also compensate for any additional time spent at work. [1]

18.

Over the first few months Plaintiff noted she was regularly scheduled for a fifty hour work week which essentially meant Plaintiff spent fifty-five hours each week in the restaurant. Plaintiff inquired of the general manager why she was working so many hours ? She was advised it was only because they were in the midst of training the team why she was being scheduled for fifty hours each week and as soon as the team lead was ready she would be working a forty hours work week.

19.

---

[1] It is important to note that but for the Plaintiff gleaning the information regarding the offer made to Priscilla while training her, Plaintiff would not have been made this offer.

On an average day Plaintiff spends approximately 30 minutes doing administrative work, counting drawers, entering sales, waste and purchases into pre-designed spread sheets. The rest of the day is spent preparing food, running the cash register, serving customers, putting away purchases, counting stock, cleaning, washing dishes, clearing tables, emptying trash, throwing out waste and cleaning bathrooms.[2]

20.

After a few more months of being paid for forty hours (see Exhibit '1'), and working fifty-five Plaintiff asked the district manager Frank Gonzalez about her hours. At this point she was told she was being groomed for the general manager position, and any complaints about her hours would disqualify her from getting promoted.

21.

Plaintiff spent her time performing non-exempt work for more than ninety percent of her days, when she performed exempt work it was at the direction of the general manager, she rarely interviewed any one and when she did, it was at the direction of the general manager, when she is at the store without any other manager, the general manager remotely accesses the surveillance system in the store and calls to instruct her as to what duties to perform or have others perform. She rarely if ever makes a discretionary call and for the most part it involves resolving minor customer disputes, which are also handled by the team leads. They are paid $9.50 per hour and time and a half for any hours worked over forty hours per week.

---

[2] It is also important to note that Plaintiff's duties did not change from an hourly paid assistant manager to a salaried assistant manager.

22.

Approximately three months after speaking with the district manager regarding her hours, general manager Olga Melnyk was transferred to another store and the general manager from another store was transferred in. Plaintiff was told the new general manager was on the verge of being terminated, and she would be the new general manger of the store in not less than three months.

23.

A year and four months later that general manager was terminated and Olga Melnyk was returned as the general manager of the store. It was at this point that Plaintiff realized she was going to be working fifty-five hours each week for a forty hours work week pay for as long as she was there. Not only did Mrs. Melnyk expect Plaintiff to work fifty-five hours per week she expected her to be available on her days off to fill in when other workers did not show up.

24.

Having realized that she would not be working less than fifty-five hours in a week Plaintiff confronted Mrs. Melnyk regarding her hours and her compensation. Mrs. Melnyk informed Plaintiff that the guidance she had received from her bosses required her to schedule Plaintiff for fifty hours each week. Mrs. Melnyk also urged Plaintiff to review the company policies if she had any question. While doing this review Plaintiff found the policy attached hereto as Exhibit '2'.

25.

As of the filing of this lawsuit Plaintiff has worked one hundred and thirteen weeks of fifty-five or more hours for which she has not been paid for any hours in excess of forty hours in any of those weeks.

## Claim for Relief for Violation of the Fair Labor Standards Act of 1938.
## (On Behalf of Plaintiff as Against Defendant)

26.

Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 through 25, above excepting those paragraphs that are inconsistent with this cause of action brought pursuant to the FLSA.

27.

The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

28.

Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees who work longer than forty hours in a work week one and one half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty hours. Defendant is, and was subject to this requirement to pay ABC's employees one and one half times the employees' regular rate of pay for all hours worked in excess forty hours. Defendant violated the FLSA by paying Plaintiff a salaried rate, limited to only forty hours per week without regard to the number of hours worked in excess of forty hours in a workweek.

29.

Defendant has deprived Plaintiff of overtime compensation by not paying Plaintiff for all hours worked.

30.

Defendant's violations of the FLSA as alleged herein have been done in a willful and bad faith manner such that the FLSA employee is entitled to damages equal to the amount of overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendant from Plaintiff for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable fees and costs.

31.

Since July of 2012 Plaintiff has taken a total of six weeks off and as such has worked fifty-five hours for one hundred and thirteen weeks. Her employer pays her $525.00 per week for a forty hour work week. (See Exhibit '1' attached hereto). By dividing her weekly wage by 40 we arrive at her hourly wage i.e. 525/40 is equal to an hourly rate rounded to the nearest penny of $13.13. When this hourly wage is multiplied by 1.5 the result is the amount she should have been paid for each hour in excess of forty hours per week i.e. 13.13 x 1.5 is equal to $19.70 when rounded to the nearest penny. When $19.70 is multiplied by fifteen it is equal to the amount owed for each week that has been unlawfully withheld by Defendant. $19.70 x 15 is $295.50. When multiplied by one hundred and thirteen the damage to Plaintiff is the result. $295.50 x 113 = $33,391.50. This plus an equal amount in liquidated damages is the total amount owed Plaintiff. Thus Plaintiff was damaged in the amount of $66,783.00.[3]

**Prayer For Relief**

WHEREFORE, Plaintiff prays for Judgment as follows;

---

[3] These calculations are based on the formulas set forth in 29 CFR 778.107-.109 and .200-.201.

A. Enter a declaratory judgment declaring that the Defendant has willfully and wrongfully violated its statutory and legal obligations, and deprived Plaintiff of her rights, privileges, protections, compensation, benefits and entitlements under the law, as alleged herein;

B. Damages in the amount of $66,783.00;

C. For injunctive relief including, but not limited to, an Order enjoining Defendant from continuing to engage in the unlawful practice of denying Plaintiff overtime pay;

D. All fees and costs as allowed by Section 16(b) of the FLSA; and

E. Grant such other legal and equitable relief as may be just and proper.

## Jury Trial Demand

Plaintiff hereby demand a jury trial in this action.

## Verification

I Anna N. Sigida declares I am the Plaintiff in the above styled civil action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

Sworn to and subscribed before me

This __13__ day of December 2014

*Susan M Jones*

Notary Public

Whose Commission expires on

__06/08/2018__

**SIGNATURE PAGE FOLLOWS**

Dated this 13 day of December, 2014

By: *[signature]*

Anna N. Sigida

939 Creek Cove Way

Loganville, GA 30052

(404) 401-2172

allurom@yahoo.com