IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANNA N. SIGIDA, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:14-CV-03968-RWS |
| MUNROE FOODS, et al., | : |
| Defendants. | : |

## ORDER

This matter is before the Court on Defendants' Motion to Dismiss [Doc. No. 6], Plaintiff's Motion for Leave to File an Amended Complaint [Doc. No. 10], Plaintiff's Motion to Exceed Page Limit [Doc. No. 11], Plaintiff's Motion for Preliminary Injunction [Doc. No. 12], and Plaintiff's Amended Motion for Leave to File an Amended Complaint [Doc. No. 19].

As an initial matter, Plaintiff's Motion to Exceed Page Limit [Doc. No. 11] is **GRANTED**. Plaintiff's entire brief in support of her Motion for Preliminary Injunction [Doc. No. 12] was considered by the Court in deciding her motion.

As to the Plaintiff's Motion for Preliminary Injunction [Doc. No. 12], Plaintiff seeks injunctive relief to prohibit Monroe Foods from scheduling her to

work more than forty hours a week and to compel Monroe Foods to pay her for any excess hours she worked previously. However, the Fair Labor Standards Act ("FLSA") does not permit a private individual to seek injunctive relief to enforce the wage and hour provisions of the Act under 29 U.S.C. § 216(b). Rather, injunctive relief is only available to a private individual under the FLSA to prevent retaliation or discrimination under 29 U.S.C. § 215(a)(3). Additionally, the FLSA does not expressly provide for injunctive relief as to payment of back-pay; instead, this is the relief that is sought by Plaintiff in this litigation. If Plaintiff prevails in this litigation, she will be entitled to back-pay pursuant to 29 U.S.C. § 216(b). As such, Plaintiff's Motion for Preliminary Injunction [Doc. No. 12] is **DENIED**.

As to Plaintiff's Motion for Leave to File an Amended Complaint [Doc. No. 10], since Plaintiff filed an Amended Motion for Leave to File an Amended Complaint [Doc. No. 19], the Court will consider the Amended Motion [Doc. No. 19] but give Plaintiff the benefit of the filing date of the earlier motion. As such, Plaintiff's Motion for Leave to File an Amended Complaint [Doc. No. 10] is **DISMISSED** as **MOOT**.

As to Plaintiff's Amended Motion for Leave to File an Amended Complaint

[Doc. No. 19], pursuant to Federal Rule of Civil Procedure 15, Plaintiff may amend her Complaint as a matter of course within 21 days after service of a motion to dismiss.  Even though Plaintiff's Amended Motion [Doc. No. 19] was not filed within 21 days of Defendants' Motion to Dismiss [Doc. No. 6], Plaintiff's first Motion for Leave to File an Amended Complaint [Doc. No. 10], which was unnecessary because Plaintiff could have amended her Complaint without the Court's permission, was filed within the 21 day time period.  As stated above, the Court will give Plaintiff the benefit of this filing date when considering her Amended Motion [Doc. No. 19].  Plaintiff's Amended Motion for Leave to File an Amended Complaint [Doc. No. 19] is **GRANTED**.  The Clerk is **DIRECTED** to file Doc. No. 19-1 on the docket as Plaintiff's Amended Complaint. Defendants are **ORDERED** to respond to Plaintiff's Amended Complaint in accordance with the deadlines contained within the Federal Rules of Civil Procedure and this Court's Local Rules.

**SO ORDERED**, this 18th day of May, 2015.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)