UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 1 6 2015

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

ANNA N. SIGIDA and DALE M.
IRVING

      Plaintiffs,

  vs.

MUNROE FOODS 2 LLC d/b/a
ATLANTA BREAD COMPANY,
MUNROE FOODS HOLDINGS and
BAKE ONE INC.

_____Defendants._____

1:14-CV-3968-RWS

PLAINTIFF'S MOTION FOR
LEAVE TO FILE A SECOND
AMENDED COMPLAINT

COMES NOW the Plaintiffs Anna N. Sigida and Dale M. Irving (Plaintiff), and respectfully moves this Honorable Court for leave to file a Second Amended Complaint, pursuant to Fed. R. Civ. Proc. 15 attached hereto as Exhibit '1'. This Second Amended Complaint maintains the counts and allegations against the same Defendants from the original complaint, but accounts for a significant factual development since the filing of the first Amended Complaint was filed

On May 18, 2015, This Court granted Plaintiffs leave to file an Amended Complaint in the above styled civil action [Doc. No. 22]. On June 8, 2015, Defendant Munroe Foods 2 LLC d/b/a Atlanta Bread Company filed an Answer to Plaintiff's Amended Complaint [Doc. No. 25].

On July 8, 2015 discovery commenced with the service of Plaintiffs first set of discovery requests.

On October 15, 2015, Defendant Bake One Inc., through its Vice president

of operations for its alter ego Atlanta Bread Company announced, Mrs. Olga Melnyk would be transferred to their South Cobb store as the general manager, and the catering manager, hired in April of 2015, would be promoted to the store general manager.

Plaintiffs seek leave of this Court to file a Second Amended Complaint. This Second Amended Complaint will change the statement of facts to reflect the promotion of the catering manager to the general manager position. Further, Plaintiffs intend to add a claim for retaliatory failure to promote.

### Arguments and Citations to Authority

Federal Rule of Civil Procedure 15 states that a party may amend a pleading once as a matter of course at any time before a responsive pleading is served. Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party. "[L]eave shall be freely given when justice so requires." In Foman v. Davis, 371 U.S. 178 (1962), the court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." Id. at 230. The court noted that a plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed. The amendment will not cause any undue prejudice. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." Id.

In Bryant v. Dupree, 252 F.3d 1161 (11th Cir. 2001), the court noted that a District Court's discretion to dismiss a complaint without leave to amend is

"'severely restrict[ed]' by Fed. Rule Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" Id. at 1163 (quoting Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted). The Eleventh Circuit noted that amending the case previously is no reason for refusing to allow a plaintiff to amend a complaint.

"[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Shipner v. Eastern Airlines, Inc., 868 F.2d 401, 406 (11th Cir. 1999). The Eleventh Circuit noted the following with respect to Rule 15(a): The decision whether to grant leave to amend is committed to the sound discretion of the trial court. Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc., 713 F.2d 618 (11th Cir. 1993). However, "'[d]iscretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 597 (5th Cir. 1991). This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Id. at 598.

"District Courts have only limited discretion to deny a party leave to amend the pleading. Thus, the court is constrained to allow a plaintiff leave to amend unless there are substantial contravailing reasons." Grayson v. Kmart Corp., 79 F.3d 1096, 1110 (11th Cir. 1996) (citing Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1994),and Dussouy, 660 F.2d at 594). In determining whether to grant leave to amend, the court may consider undue delay, bad faith or dilatory motive,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment. Id.

None of the factors that may militate against granting a motion to amend is present in this case. Plaintiff moved swiftly to file these papers once the newly alleged facts were known. Thus, there is no undue delay in Plaintiff's request to amend. The newly-alleged facts were entirely unknown – and, in fact, not in existence – at the time Plaintiffs filed their original complaint. Plaintiff is not seeking the amendment in bad faith or with a dilatory motive.

The interests of justice and judicial economy will undoubtedly be served by having all allegations properly before the Court as set forth in Plaintiff's proposed second amended complaint. The amendments are narrowly tailored to reflect the present circumstances and Plaintiff's present understanding of the case. In so doing, the action can more effectively proceed on the merits.

Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. Defendants cannot be prejudiced, or caught off guard, by the new facts alleged by the Plaintiffs in the proposed amendment, since the Defendants have first-hand knowledge of the roles that they played in the transaction at issue. Any further discovery would be limited to a single promotion of a six month employee over one who has been there for seven years, and by Defendants own account was an executive to the extent where she was exempt from the overtime provisions of the Fair Labor Standards Act.

Finally, Plaintiff's request to file an amended complaint is not futile as

Plaintiffs have alleged sufficient facts to state a claim for relief that is facially plausible. Defendant Bake One Inc., surprised all employees of the store when the catering manager was promoted. No one was even aware the general manager position was open. This, while Plaintiffs are involved in litigation with Defendants regarding their failure to pay Plaintiff Sigida the overtime premium. Where the proposed amendment is not clearly futile, denying leave to amend on this ground is highly improper.

Accordingly, in the interest of justice, this Court should grant Plaintiffs' motion for leave to file the proposed second amended complaint. The grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend.

Respectfully submitted this 16th day of October, 2015

By : _____

Anna N. Sigida    And Dale M. Irving

939 Creek Cove Way

Loganville, GA 30052

(404) 401-2172

allurom@yahoo.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANNA N. SIGIDA AND DALE M. IRVING <br><br>       Plaintiffs, <br><br>   vs. <br><br> MUNROE FOODS 2 LLC d/b/a ATLANTA BREAD COMPANY, MUNROE FOODS HOLDINGS LLC AND BAKE ONE INC. <br><br>       Defendants. | 1:14-CV-3968-RWS <br><br> CERTIFICATE OF SERVICE. |

I hereby certify that on this day I mailed Plaintiff's Motion for Leave to File a Second Amended Complaint to counsel for Defendants by depositing same in the US Mail with sufficient postage attached to ensure delivery to:

W. Wright Mitchell
1201 Peachtree Street N.E.
Suite 2000
Atlanta, Georgia 30361

Respectfully submitted this 6th day of October, 2015

By : _Anna N. Sigida_ _Dale M._ _____

Anna N. Sigida

939 Creek Cove Way

Loganville, GA 30052

(404) 401-2172

Consolid354@yahoo.com

Page 1 of 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANNA N. SIGIDA, DALE M. IRVING | ) ) ) | **PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| Plaintiffs, | ) ) | |
| vs. | ) | |
| MUNROE FOODS 2 LLC d/b/a ATLANTA BREAD COMPANY, MUNROE FOODS HOLDINGS LLC AND BAKE ONE INC. | ) ) ) ) ) | *Exhibit 1* |
| Defendants. | | |

COMES NOW Plaintiff Anna N. Sigida (Plaintiff Wife) and, Plaintiff Dale M. Irving (Plaintiff Husband) and files this their verified complaint for legal relief to redress the unlawful violations of Plaintiff's rights under the Fair Labor Standards Act (FLSA) of 1938, 29 U.S.C. §§ 201 et seq, and specifically the overtime provisions found at § 216(b), to remedy violations of the FLSA by Munroe Foods 2 LLC d/b/a Atlanta Bread Restaurant (ABC, Defendant) which has deprived the Plaintiff of her lawful wages and state law claims for intentional infliction of emotional distress and Plaintiff Husband's claim for loss of consortium.

**Jurisdiction and Venue**

1.

Jurisdiction over Plaintiff's federal claims is based upon : (a) Section 16(b) of the FLSA, 29 U.S.C. § 216(b), which authorizes employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employer's failure to pay overtime wages as required by the FLSA; and (b) 29 U.S.C. §§

1331, 1337 and 1367.

2.

Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all times material herein Defendant ABC has been actively conducting business in the state of Georgia and within the geographic area encompassing the Northern District of Georgia.

**Introduction**

3.

The Plaintiff is an employee of the Defendants, and brings this action as a personal action in accordance with 29 U.S.C. § 216(b) of the FLSA against the Defendant on behalf of herself, because of Defendant's unlawful deprivation of Plaintiff's rights to all wages owed. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages equitable and other relief under the FLSA, as amended, 29 U.S.C. § 201 et seq.

4.

Defendant is in the business of preparing and selling to the public breads, soups, salads, sandwiches and pastries. These items are sold through its Atlanta Bread company stores some of which are owned by franchisees and others that are owned by the franchiser.

5.

The assistant manager position is a salaried position which is expected to perform forty hours of work each week. (See Exhibit '1' attached hereto). The assistant manager position is expected to be able to do all the functions of every employee in the store and has no real managerial responsibility. Defendant specifically created this position to avoid paying overtime. (See Exhibit '2'

attached hereto).

6.

The FLSA action is brought on behalf of the named Plaintiff and seeks to recover (1) unpaid wages and overtime compensation owed to the Plaintiff; (2) obtain an equal amount in liquidated damages, as provided by Section 16(b) of the FLSA,: and (3) recover reasonable fees and costs of the action, as provided for by Section 16(b) of the FLSA.

7.

A claim for loss of consortium "is based not upon injury to the body of the claimant but instead solely upon the claimant's property right arising out of the marriage relationship to the love, companionship, and conjugal affection of the spouse. [Cits.]" Bartlett v. American Alliance Ins. Co., 206 Ga.App. 252, 254(1), 424 S.E.2d 825 (1992).

**The Parties**

8.

The Plaintiff Anna N. Sigida is a citizen of the state of Georgia and resides in Loganville, Georgia. Plaintiff is a current employee of the Defendant. During her employment with Defendant and continuing currently Plaintiff regularly works in excess of eight(8) hours in a workday and in excess of forty(40) hours in a work week.

9.

Plaintiff Dale M. Irving is a resident of the state of Georgia and resides in Loganville, Georgia. Plaintiff Dale M. Irving is married to Plaintiff Anna N. Sigida.

10.

On information and belief, Defendant Munroe Foods 2 LLC is a limited liability company, organized in the state of Georgia with its headquarters located at 1200 Wilson Way, Suite 100, Smyrna, Georgia 30082. Defendant is qualified to and does do business in the state of Georgia.

11.

On information and belief, Defendant Munroe Foods Holdings LLC is the parent of Munroe Foods 2 LLC, maintains its offices at 1200 Wilson Way, Suite 100, Smyrna, Georgia. Munroe Foods Holdings is qualified to do business in the state of Georgia and several other states.

12.

On information and belief , Defendant Bake One Inc., is the parent company of Munroe Foods Holdings LLC and maintains its offices at 1200 Wilson Way, Suite A, Smyrna, Georgia 30082. Bake One Inc., is qualified to do business in the state of Georgia.

13.

Defendants maintains either actual or constructive control, oversight or direction over the operations, sales, administration and employment practices of its restaurants.

14.

Defendants are subject to personal jurisdiction in the state of Georgia for purposes of this lawsuit and personal service can be had by serving their registered agent, Basil S. Couvaras, at 1200 Wilson Way, Suite 100, Smyrna, Georgia 30082.

15.

At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by §

203(s)(1) of the FLSA, and have had a gross volume of sales which has exceeded $500,000.00.

16.

At all times material to this action, Defendants have been an "employer" of the Plaintiff, as defined by § 203(d) of the FLSA.

## Statement of Material Facts

17.

Upon information and belief Defendant Munroe Foods 2 LLC is wholly owned by Defendant Munroe Foods Holdings LLC which has no other purpose but to be the holding company for numerous Munroe Foods restaurants. Upon information and belief this is maintained so as to enable Defendant Munroe Foods Holdings LLC to relinquish control of each individual restaurant as a separate entity to new franchisees.

18.

Upon information and belief Defendant Munroe Foods Holdings LLC has no actual offices, no officers, no employees or any of the other functions normally associated with an operating business. As stated above Defendant Munroe Foods Holdings' only purpose is to possess shares of Munroe Foods companies and ultimately control them.

19.

Upon information and belief Defendant Bake One Inc., is the parent company of Munroe Foods Holdings LLC. Defendant Bake One Inc., is a food manufacturer that operates the Munroe Foods Companies as outlets for its baked products.

20.

Upon information and belief Defendant Bake one Inc., has as its chief executive officer Jerry Couvaras. His brother, Basil Couvaras is the chief operating officer of Bake One Inc., and is also the agent for service of legal process for all the Munroe Foods companies.

21.

Upon information and belief all personnel matters relating to managers and assistant managers of the Munroe Foods Companies are handled through the human resources office of Baked One Inc.[1]

22.

In January of 2008 Plaintiff Wife was hired by a franchisee of Atlanta Bread Company as a hourly paid assistant manager. Throughout her employment with the franchisee Plaintiff Wife was paid time and a half of her regular wages for all hours worked in excess of forty hours per week.

23.

In January of 2011 the restaurant was taken over by Munroe Foods 2 LLC[2] (Defendant) the franchiser. In an attempt to curb labor costs Defendant decided that the assistant manager position should no longer be an hourly paid position but become a salaried position.

24.

At first the position was offered to Plaintiff Wife at an annual rate of $19,000.00 with a forty hour work week expectation and remaining behind until her shift was properly ended i.e. that is her relief has arrived, her drawers had been counted, employees who had called out were replaced and preparations for the

---

[1] All references to Defendant and or Defendants includes all the Defendants named in the Caption of this Complaint unless a specific Defendant is named herein.

[2] Munroe Foods 2 LLC was formerly known as Europan.

other shift were completed. This, Plaintiff Wife was told, would require at most an additional five hours per week. As this was less than Plaintiff Wife was making at her hourly rate, Plaintiff Wife declined the position.

25

A month or so later a young lady by the name of Priscilla was hired for the position and was offered $26,000.00. Plaintiff Wife was allowing Priscilla to informally shadow her to learn the duties of the position when her employment was terminated for among other things, failure to attend work, failure to inform the general manager when she was not on time or totally failed to show up, inability to grasp the policies and procedures of the restaurant and insubordination.

26.

In July of 2012, the position was once again offered to Plaintiff Wife at the $26,000.00 paid to Priscilla with the forty hour work week and an expectation that she would spend an extra five hours per week at work because of her additional responsibilities. Plaintiff Wife was also advised that with the new bonus structure, the bonus would also compensate for any additional time spent at work. [3]

27.

Over the first few months Plaintiff Wife noted she was regularly scheduled for a fifty hour work week which essentially meant Plaintiff Wife spent fifty-five hours each week in the restaurant. Plaintiff Wife inquired of the general manager why she was working so many hours ? She was advised it was only because they were in the midst of training the team why she was being scheduled for fifty hours each week and as soon as the team lead was ready she would be working a forty

---

[3] It is important to note that but for the Plaintiff gleaning the information regarding the offer made to Priscilla while training her, Plaintiff would not have been made this offer.

hours work week.

28.

On an average day Plaintiff Wife spends approximately 30 minutes doing administrative work, counting drawers, entering sales, waste and purchases into pre-designed spread sheets. The rest of the day is spent preparing food, running the cash register, serving customers, putting away purchases, counting stock, cleaning, washing dishes, clearing tables, emptying trash, throwing out waste and cleaning bathrooms.[4]

29.

After a few more months of being paid for forty hours (see Exhibit '1'), and working fifty-five Plaintiff Wife asked the district manager Frank Gonzalez about her hours. At this point she was told she was being groomed for the general manager position, and any complaints about her hours would disqualify her from getting promoted.

30.

Plaintiff Wife spent her time performing non-exempt work for more than ninety percent of her days, when she performed exempt work it was at the direction of the general manager, she rarely interviewed any one and when she did, it was at the direction of the general manager, when she is at the store without any other manager, the general manager remotely accesses the surveillance system in the store and calls to instruct her as to what duties to perform or have others perform. She rarely if ever makes a discretionary call and for the most part it involves resolving minor customer disputes, which are also handled by the team

---

[4]It is also important to note that Plaintiff's duties did not change from an hourly paid assistant manager to a salaried assistant manager.

leads. They are paid $9.50 and $10.00 per hour and time and a half for any hours worked over forty hours per week.

31.

Approximately three  months after speaking with the district manager regarding her hours, general manager Olga Melnyk was transferred to another store and the general manager from another store was transferred in. Plaintiff Wife was told the new general manager was on the verge of being terminated, and she would be the new general manger of the store in not less than three months.

32.

A year and four months later that general manager was terminated and Olga Melnyk was returned as the general manager of the store. It was at this point that Plaintiff realized she was going to be working fifty-five hours each week for a forty hours work week pay for as long as she was there. Not only did Mrs. Melnyk expect Plaintiff Wife to work fifty-five hours per week she expected her to be available on her days off to fill in when other workers did not show up.

33.

Having realized that she would not be working less than fifty-five hours in a week Plaintiff Wife confronted Mrs. Melnyk regarding her hours and her compensation. Mrs. Melnyk informed Plaintiff Wife that the guidance she had received from her bosses required her to schedule Plaintiff for fifty hours each week. Mrs. Melnyk also urged Plaintiff Wife to review the company policies if she had any question. While doing this review Plaintiff Wife found the policy attached hereto as Exhibit '2'.

34.

As of the filing of this lawsuit Plaintiff Wife has worked one hundred and

seventeen weeks of fifty-five or more hours for which she has not been paid for any hours in excess of forty hours in any of those weeks.

35.

Since February of 2013 Anna N. Sigida and Dale M. Irving have been married to one another and co-habiting as husband and wife.

36.

Defendants knew Plaintiff Wife had expressed no intent to voluntarily leave her employment with Defendants. Plaintiff has been working for Defendant for approximately seven (7) years and has not had as much as a disciplinary written warning within this period.

37.

Since Plaintiff Wife has asserted her right to overtime compensation Defendants acting through their general manager of the store has made it known that Plaintiff would be leaving soon.

38.

As Plaintiff Wife has expressed no desire to voluntarily leave her job this has caused Plaintiff extreme emotional distress inclusive of but not limited to, loss of sleep, loss of appetite, anxiety, humiliation, embarrassment and mental anguish.

39.

Plaintiff Wife has a bachelors of arts degree in linguistics, Russian, English and German; Served as the general manager of a subway restaurant for two years, is a certified paralegal, and served as an assistant manager in Panera Bread and Atlanta Bread for eight years.

40.

Plaintiff Wife has spent the last seven years as an assistant manager at

Munroe Foods 2 LLC and/or Atlanta Bread Restaurant Number 54.

41.

On October 15, 2015, it was announced by Bob Cross, the vice president of operations for Atlanta Bread Company, Mrs. Olga Melnyk would no longer serve as the general manager of Munroe Foods 2 LLC a.k.a. Atlanta Bread Company Store Number 54. The position would be filled by the current catering manager who had been hired at the store on April 27, 2015.

42.

Plaintiff wife is engaged in a lawsuit against Defendants regarding the payment of overtime wages, Defendants are aware of this lawsuit, Defendants failed to promote Plaintiff Wife to the position of general manager or to even advertise the position and allow Plaintiff wife to compete for the position through an interview or other process. Based on Plaintiff Wife's qualifications, the fact that Defendant did not even afford her the chance to compete for the position, and hired someone who at the very least had lees experience in the store than Plaintiff Wife shows some casual connection to her exercise of her right.

**Claim for Relief for Violation of the Fair Labor Standards Act of 1938.**
**(On Behalf of Plaintiff as Against Defendant)**

43.

Plaintiff Wife reasserts and re-alleges the allegations set forth in paragraphs 1 through 42, above excepting those paragraphs that are inconsistent with this cause of action brought pursuant to the FLSA.

44.

The FLSA regulates, among other things, the payment of overtime pay by

employers whose employees are engaged in commerce or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

45.

Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees who work longer than forty hours in a work week one and one half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty hours. Defendants are, and were subject to this requirement to pay ABC's employees one and one half times the employees' regular rate of pay for all hours worked in excess forty hours. Defendants violated the FLSA by paying Plaintiff Wife a salaried rate, limited to only forty hours per week without regard to the number of hours worked in excess of forty hours in a workweek.

46.

Defendants have deprived Plaintiff Wife of overtime compensation by not paying Plaintiff Wife for all hours worked.

47.

Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner such that the FLSA employee is entitled to damages equal to the amount of overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiff Wife for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable fees and costs.

48.

Since July of 2012 Plaintiff Wife has taken a total of seven weeks off and as such has worked fifty-five hours for one hundred and seventeen weeks. Her employer pays her $525.00 per week for a forty hour work week. (See Exhibit '1' attached hereto). By dividing her weekly wage by 40 we arrive at her hourly wage i.e. 525/40 is equal to an hourly rate rounded to the nearest penny of $13.13. When this hourly wage is multiplied by 1.5 the result is the amount she should have been paid for each hour in excess of forty hours per week i.e. 13.13 x 1.5 is equal to $19.70 when rounded to the nearest penny. When $19.70 is multiplied by fifteen it is equal to the amount owed for each week that has been unlawfully withheld by Defendant. $19.70 x 15 is $295.50. When multiplied by one hundred and seventeen the damage to Plaintiff Wife under the FLSA is the result. $295.50 x 117 = $34,515.00 This plus an equal amount in liquidated damages is the total amount owed Plaintiff for her FLSA claim. Plaintiff wife's claim under the FLSA is for $69,030.00.[5]

## Claim for Relief for the Intentional Infliction of Emotional Distress on Plaintiff Wife by Defendant.

49.

Plaintiff Wife reasserts and re-alleges the allegations set forth in paragraphs 1 through 48, above excepting those paragraphs that are inconsistent with this cause of action for the intentional infliction of emotional distress.

50.

By the conduct alleged above which is prohibited by the common laws and

---

[5]These calculations are based on the formulas set forth in 29 CFR 778.107-.109 and .200-.201. Further, as Plaintiff Wife continues to be scheduled and work in excess of fifty hours each week, this amount will continue to change.

the public policy of the state of Georgia Defendant acted outrageously, with the intention to cause, or with reckless disregard of the probability of causing Plaintiff Wife severe emotional distress. This conduct, which was unprivileged and unwanted by Plaintiff Wife, actually and proximately caused Plaintiff Wife severe emotional distress.

51.

Defendant harmed Plaintiff Wife by causing her loss of sleep, loss of appetite, anxiety, humiliation, embarrassment and mental anguish. The actions of Defendant injured Plaintiff Wife's mind and body. As a result of such unlawful conduct and consequent harm, Plaintiff Wife suffered damages that will be proven at trial.

52.

The conduct of Defendants proximately caused Plaintiff Wife to suffer, and to continue to suffer, damages, including injuries to her person in an amount which will be proven at trial.

## Claim for Loss of Consortium by Plaintiff Husband

53.

Plaintiff Husband reasserts and re-alleges the allegations set forth in paragraphs 1 through 52, above excepting those paragraphs that are inconsistent with this cause of action for loss of consortium.

54.

By reasons of the injuries sustained by Anna N. Sigida, Plaintiff Dale M. Irving has been and will continue to be deprived of consortium, society, comfort, protection, and service, thereby causing and continuing to cause grief, sorrow, mental anguish, emotional distress, pain and suffering.

55.

As compensation for this loss Mr. Irving should be awarded non-economic damages, in an amount to be determined by a jury.

## Unjust Enrichment And/Or Quantum Meruit

56.

Plaintiffs reasserts and re-alleges  the allegations set forth in paragraphs 1 through 55, above excepting those paragraphs that are inconsistent with this cause of action for unjust enrichment and/or Quantum Meruit.

57.

Plaintiff wife performed services for Defendants, services which Defendants are obligated by law to pay her for. Defendants failed to pay for these services and as such were unjustly enriched at Plaintiff Wife's expense.

58.

As a direct and proximate result of Defendants failure to pay Plaintiff for the services provided Plaintiff has suffered damages.

59.

Defendants received the benefits of the service provided by Plaintiff wife, enjoyed the benefits and failed to properly compensate Plaintiff wife for these services.

60.

As a direct and proximate result of Defendants' failure to properly compensate Plaintiff for her services Plaintiff has suffered damages in an amount to be proven at trial.

## Claim For Relief for Retaliatory Failure to Promote

61.

Plaintiffs reasserts and re-alleges the allegations set forth in paragraphs 1 through 60, above excepting those paragraphs that are inconsistent with this cause of action for retaliatory failure to promote.

62.

Plaintiff Wife is currently engaged in legal action against the above named Defendants for their failure to pay Plaintiff Wife the overtime premium as mandated by the Fair Labor Standards Act.

63.

Defendants had an open position for a general manager of Munroe Foods 2 LLC, for which Plaintiff was qualified. Defendants failed to advertise the position, failed to allow Plaintiff Wife an opportunity to apply for the position and instead made a secret deal to install the recently hired catering manager in the position.

64.

Defendants failure to even consider Plaintiff Wife for the position was based solely on Plaintiff Wife assertion of her right to be paid for her overtime hours.

65.

As a result of Defendants failure to promote Plaintiff Wife, she has suffered damages in an amount to be proven at trial.

**Punitive Damages**

66.

Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 56, above excepting those paragraphs that are inconsistent with this cause of action for punitive damages.

Page 16 of 18

67.

The intentional, willful, wanton conduct of Defendant, conducted with a reckless disregard for the consequences of their actions or for the rights of Plaintiffs warrants the imposition of punitive damages.

68

Plaintiffs should be awarded punitive damages in an amount to be determined by the conscience of a fair and impartial jury.

### Prayer For Relief

WHEREFORE, Plaintiffs pray for Judgment as follows;

A. Enter a declaratory judgment declaring that the Defendant has willfully and wrongfully violated its statutory and legal obligations, and deprived Plaintiff Wife of her rights, privileges, protections, compensation, benefits and entitlements under the law, as alleged herein;

B. FLSA damages in an amount to be proven at trial;

C. For injunctive relief including, but not limited to, an Order enjoining Defendant from continuing to engage in the unlawful practice of denying Plaintiff Wife overtime pay;

D. Compensatory damages for the intentional infliction of emotional distress on Plaintiff Wife;

E. Compensatory damages to Plaintiff Husband for his loss of consortium;

F. Compensatory damages for Plaintiff's claim for unjust enrichment and/or Quantum Meruit;

G. Punitive damages;

H.      All fees and costs as allowed by Section 16(b)of the FLSA; and

I.      Grant such other legal and equitable relief as may be just and proper.

## Jury Trial Demand

Plaintiffs hereby demand a jury trial in this action.

Respectfully submitted this _16th_ day of October, 2015

Anna N. Sigida and Dale M. Irving

939 Creek Cove Way

Loganville, GA 30052

(404) 401-2172

allurom@yahoo.com