# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ANNA N. SIGIDA and | : | |
| DALE M. IRVING, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:14-CV-3968-RWS |
| | : | |
| MUNROE FOODS 2 LLC d/b/a | : | |
| ATLANTA BREAD COMPANY, | : | |
| MUNROE FOODS HOLDINGS, | : | |
| LLC and BAKE ONE, INC., | : | |
| | : | |
| Defendant. | : | |

## ORDER

This case comes before the Court on Plaintiff Anna N. Sigida's Motion

for Summary Judgment [109], Defendant Bake One's Motion for Summary

Judgment [105], and Defendant Munroe Foods 2's Motion for Summary

Judgment [106]. After reviewing the record, the Court enters the following

Order.

## Background

Plaintiff Anna N. Sigida ("Plaintiff") brought this action pursuant to the

Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. § 201 *et*

*seq*., seeking to recover unpaid overtime pay and liquidated damages. The

AO 72A
(Rev.8/82)

FLSA requires employers pay their employees overtime compensation at a rate not less than time and a half for hours worked in excess of a forty-hour workweek. 29 U.S.C. § 207(a)(1). This requirement, however, does not apply with respect to any employee "employed in a bona fide executive, administrative or professional capacity." 29 U.S.C. § 213(a)(1). Defendant Munroe Foods 2 ("Defendants" or "Munroe Foods") moves for summary judgment on Plaintiff's overtime claim on the basis of executive and administrative exemptions. Plaintiff moves for summary judgment as to these claims stating she is not exempt from the overtime protections of the FLSA. The nature of Plaintiff's employment with Defendants is, therefore, the key issue in this case.

Plaintiff also claims quantum meruit and unjust enrichment under Georgia law, and Defendant Munroe Foods moves for summary judgment arguing Plaintiff's state law claims are preempted by the FLSA. Additionally, Defendant Munroe Foods moves for summary judgment on the issues of retaliation, extension of the statute of limitations to three years, liquidated damages, and an alternative measure of damages for only "half-time."

Defendant Bake One moves for summary judgment claiming they are not

2

joint employers with Defendant Munroe Foods and should be dismissed from this case. Alternatively, it incorporates Defendant Munroe Foods' motion for summary judgment.

## I.      General Background on Defendants and Plaintiff's Employment

Defendant Munroe Foods was an entity that previously operated Atlanta Bread Company ("ABC") locations, but is no longer in operation. (Dkt. [106-2] ¶ 1). Specifically, Munroe Foods operated the Snellville, Georgia ABC location beginning in January 2011. (Dkt. [106-2]  ¶ 4). Defendant Bake One produces bread and bakery products and then sells those products to other entities throughout North America and abroad. (Dkt. [105-2]  ¶ 1). Defendant Bake One sold baked goods to Defendant Munroe Foods for their Snellville ABC location. (Dkt. [105-2] ¶ 2).

Plaintiff was assistant manager for Defendant Munroe Foods at their ABC Snellville location. (Dkt. [116] ¶¶ 1–2). The Snellville ABC location permanently closed on December 6, 2015. (Dkt. [106-2]  ¶ 31). From January 2008 through July 2012, Plaintiff was paid an hourly rate with overtime pay "for any hours worked over forty hours per week." (Dkt. [116] ¶ 5). In July 2012, Plaintiff accepted a salaried position as assistant manager for $26,000 per

3

year. (Dkt. [106-2] ¶¶ 10–11; Dkt. [116] ¶ 18). At the time the Snellville ABC location closed, Plaintiff was making $27,300 per year. (Dkt. [106-2] ¶ 32).

## II.    The Nature of Plaintiff's Employment

The Parties dispute the nature of Plaintiff's employment. Defendants contend that Plaintiff is subject to the executive or administrative exemptions of the FLSA, or a combination of the two exemptions. Thus, Defendants argue that Plaintiff was employed in an executive, administrative, or combination capacity, with her primary duties being the management of Defendant Munroe Foods' Snellville store and supervision of its employees. (See Dkt. [105]; Dkt. [106-1]). Plaintiff contends that she does not fall within an exemption of the FLSA as "she was expected to be able to perform the duties of two or three associates" and the majority of her work was non-managerial tasks. (Dkt. [113] at 21. See generally Dkt. [109]).

### A.    *Defendants' Account of Plaintiff's Responsibilities*

The following is a summary of the evidence presented by Defendants in support of their argument that Plaintiff is exempt under the FLSA. Defendants contend Plaintiff was a salaried assistant manager which meant she "managed all aspects of the store when she was on duty." (Dkt. [106-2] ¶ 33).

4

Specifically, Defendants contend Plaintiff was "responsible for generating and submitting End of Day Reports, Deposit Reports, Over/Short Reports, Balance Reports, monthly sales sheets, waste sheets, Food Cost/Food Cost Board forms, Monthly Sales Labor Budget sheets and financial detail reports." (Dkt. [106-2] ¶ 34). Additionally, Plaintiff "completed inventory reports on a weekly, biweekly, or monthly basis throughout her employment;" communicated with corporate, outside vendors, and customers; and completed produce orders. (Dkt. [106-2] ¶¶ 35–50).

Defendants also contend Plaintiff "typically conducted the first or second interview with potential new employees and made hiring recommendations directly to [the General Manager], which recommendations were given significant weight." (Dkt. [106-2] ¶ 53). Additionally, when Plaintiff worked at the same time as other management personnel, Plaintiff "was considered to be in charge . . . ." (Dkt. [106-2] ¶ 74).

B.   *Plaintiff's Account of Her Employment Responsibilities*

As stated above, Plaintiff vigorously disputes Defendants' contentions that she was employed in an executive or managerial capacity. On the contrary, Plaintiff contends she did not supervise the hourly employees because she "was

AO 72A
(Rev.8/82)

fulfilling the responsibilities of an hourly associate." (Pl. Dep., Dkt. [107] at 160:12-13). Specifically, Plaintiff claims she "spent over 90% of her time in production, cleaning, running the cash register, washing dishes, putting away deliveries and other non-managerial duties." (Dkt. [109] at 6). Additionally, Plaintiff claims the general manager was present at the restaurant most of the time and she was "never free from supervision." (Dkt. [109] at 8).

As an initial matter, the Court notes that there is insufficient evidence from which to decide as a matter of law the issue of Defendants being joint employers at this time. Defendant Bake One Inc.'s Motion for Summary Judgment [105] is therefore **DENIED without prejudice**. The Court now sets out the legal standard governing a motion for summary judgment before considering the Parties' motions on the merits. The Court first considers the Parties' arguments as to the FLSA exemptions. The Court then considers Defendants' arguments as to the measure of damages, quantum meruit, and unjust enrichment, followed by the Parties' arguments as to willfulness and retaliation.

## Discussion

### I.      Summary Judgment Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material.  Id. at 248.  A fact is not material if a dispute over that fact will not affect the outcome

AO 72A
(Rev.8/82)

of the suit under the governing law.  Id.  An issue is genuine when the evidence

is such that a reasonable jury could return a verdict for the non-moving party.

Id. at 249-50.

Finally, in resolving a motion for summary judgment, the court must

view all evidence and draw all reasonable inferences in the light most favorable

to the non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296

(11th Cir. 2002).  But, the court is bound only to draw those inferences which

are reasonable.  "Where the record taken as a whole could not lead a rational

trier of fact to find for the non-moving party, there is no genuine issue for

trial."  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

"If the evidence is merely colorable, or is not significantly probative, summary

judgment may be granted."  Anderson, 477 U.S. at 249–50 (internal citations

omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met

its burden under Rule 56(a), the nonmoving party "must do more than simply

show there is some metaphysical doubt as to the material facts").

## II.   Analysis

A.   *Employee Exemptions under the FLSA*

8

Congress enacted the FLSA to remedy "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 201(a). Section 207 ensures that qualifying employees receive overtime benefits by stating:

> No employer shall employ any of his employees who in any workweek is engaged in commerce . . . for a workweek longer than forty hours . . . unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(2)(c).

Exempt from this overtime benefits provision is "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). The pertinent terms— "bona fide executive capacity" and "bona fide administrative capacity"—are defined in the Department of Labor Regulations. 29 C.F.R. §§ 541.100–541.203.

"The employer bears the burden of proving that an employee is exempt from overtime payments." Rock v. Ray Anthony Int'l, 380 Fed. App'x 875, 877 (11th Cir. 2010) (citing Atlanta Prof'l Firefighters Union, Local 134 v. Atlanta, 920 F.2d 800, 804 (11th Cir. 1991)). The employer "must prove applicability of

9

an exemption by 'clear and affirmative evidence.'" <u>Birdwell v. City of Gadsden</u>, 970 F.2d 802, 805 (11th Cir. 1992). Further, the FLSA "should be interpreted liberally in the employee's favor" and the Act's exemptions "are to be narrowly construed" against the employer. <u>Id.</u>

    *1.*    <u>*Administrative Exemption*</u>

Under the applicable regulations, the term "employee employed in a bona fide administrative capacity" means any employee:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . ., exclusive of board, lodging or other facilities;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a). The second and third elements are at issue here.

    *a.*    *Primary Duty is the Performance of Office or Non-manual Work Directly Related to the Management or General Business Operations*

An employee's "primary duty" is "the principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a). Factors to

consider when determining an employee's primary duty include: (1) "the relative importance of the exempt duties as compared with other types of duties;" (2) "the amount of time spent performing exempt work;" (3) "the employee's relative freedom from direct supervision;" and (4) "the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." Id. The amount of time an employee spends performing exempt work serves as a guide, but is not the sole consideration, when evaluating an employee's exempt status. 29 C.F.R. § 541.700(b).

To qualify for the administrative exemption, employees "must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment." 29 C.F.R. § 541.201(a). Examples of work "directly relating to management or general business operations" include work in functional areas such as:

> tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marking; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations; government relations; computer network; internet and database administration;

11

legal and regulatory compliance; and similar activities.

29 C.F.R. § 541.201(b).

Plaintiff contends that her primary duty was performing manual labor. Specifically, she claims she "spent over 90% of her time in production, cleaning, running the cash register, washing dishes, putting away deliveries and other non-managerial duties." (Dkt. [109] at 6). Defendant claims that Plaintiff's primary duties involved non-manual work which included completing financial and sales reports, inventory reports, assisting with the weekly Sysco and produce orders, interviewing employees, disciplining employees, etc. (Dkt. [106-1] at 18). While there is certainly evidence in the record that Plaintiff performed some exempt duties, such as assisting with financial reports and managing employee injuries, there is also evidence to suggest that these tasks were simply data entry and at the express direction of the general manager. Taking the facts in the light most favorable to Plaintiff, it cannot be said that any administrative tasks were the most important part of her work. Determining Plaintiff's actual primary duties will therefore require resolving factual disputes between the parties and assessing the credibility of the witnesses, making resolution of this issue inappropriate for summary

AO 72A
(Rev.8/82)

judgment.

> b.      *Exercise of discretion and independent judgment with respect to matters of significance*

Even if Plaintiff's primary duty could be classified as administrative as a matter of law, the evidence is not sufficient to say that she exercised discretion and independent judgment with respect to matters of significance.

"Generally, 'matters of significance' include responsibilities dealing with matters of broad scope and significant detail that have a profound effect on the employer's business," such as: "matters that have significant financial impact, negotiating and binding the company on significant matters; and planning long- or short-term business objectives." Alvarez v. Key Transp. Serv. Corp., 541 F. Supp. 2d 1308, 1313–14 (S.D. Fla. 2008) (internal citation omitted).

Here, the parties dispute the facts regarding Plaintiff's exercise of discretion. Defendants claims Plaintiff "exercised a great deal of authority as Assistant Manager, particularly when she was the only manager on site." (Dkt. [106-1] at 21). Specifically, Defendants claim "she carried out major assignments . . . including generating financial and sales reports." (Dkt. [106-1] at 20). Plaintiff claims that she did not have discretion and even when the

AO 72A
(Rev.8/82)

general manager was not on site, any actions she took were at the express direction of the general manager. (Dkt. [113] at 24–25). Specifically, Plaintiff claims "all decisions which had a value of over $10.00 had to be made by the [general manager]." (Dkt. [113] at 24). It is a jury question as to who is more credible. As such, the Parties' motions for summary judgment as to the application of the administrative exemption of the FLSA is **DENIED**.

### 2.   *Executive Exemption*

The parties also disagree on whether Plaintiff fell under the executive exemption. "Employee employed in a bona fide executive capacity" includes any employee:

> (1) Compensated on a salary basis at a rate of not less than $455 per week . . ., exclusive of board, lodging or other facilities;

> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;

> (3) Who customarily and regularly directs the work of two or more employees; and

> (4) Who has the authority to hire and fire other employees or whose suggestions and recommendations as to hiring, firing, advancement,

14

> promotion or any other change of status of other
> employees are given particular weight.

29 C.F.R. § 541.100(a). The Parties' submissions focus on the second, third,

and fourth elements.

### a.    *Primary Duty is Management*

The Department of Labor Regulations define "management" as

including, but not limited to, activities such as:

> interviewing, selecting, and training of employees; setting and
> adjusting their rates of pay and hours of work; directing the work
> of employees; maintaining production or sales records for use in
> supervision or control; appraising employees' productivity and
> efficiency for the purpose of recommending promotions or other
> changes in status; handling employee complaints and grievances;
> disciplining employees; planning the work; determining the
> techniques to be used; apportioning the work among the
> employees; determining the type of materials, supplies, machinery,
> equipment, or tools to be used or merchandise to be bought,
> stocked, or sold; controlling the flow and distribution of materials
> or merchandise and supplies; providing for the safety and security
> of the employees or the property; planning and controlling the
> budget; and monitoring or implementing legal compliance
> measures.

29 C.F.R. § 541.102.

As stated above, the term "primary duty" is defined to mean "the

principal, main, major or most important duty that the employee performs." 29

15

C.F.R. § 541.700(a). The regulations provide that "[d]etermination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." 29 C.F.R. § 541.700(a). The Eleventh Circuit has rejected a "categorical approach" to deciding whether an employee falls within the executive exemption. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1269 (11th Cir. 2008).  Moreover, it has recognized "the necessarily fact-intensive nature of the primary duty inquiry, that the answer is in the details, and that where an issue turns on the particular facts and circumstances of a case, it is not unusual for there to be evidence on both sides of the question, with the result hanging in the balance." Id. (internal quotes and citations omitted).

The Eleventh Circuit has found a genuine dispute of material fact regarding the management duties prong of the test where the employee performed some managerial tasks, but spent greater than fifty percent of his time performing tasks identical to those of hourly employees. Barreto v. Davie Marketplace, LLC, 331 F. App'x 672, 675 (11th Cir. 2009). In Baretto, the employee did not have time to perform his managerial duties because he spent so much time performing non-exempt work. Id. Conversely, the Eleventh

16

Circuit has held that the assistant manager of a pizza restaurant met the managerial duties requirement, despite making pizzas and interacting with customers, where his managerial tasks, such as supervising delivery drivers, apportioning work, and marketing the restaurant, were more important to operation of the enterprise. Diaz v. Team Oney, Inc., 291 F. App'x 947, 949 (11th Cir. 2008).

Here, Plaintiff performed some managerial tasks, such as making Sysco and produce orders and reporting employee injuries to corporate. But, taking the facts in the light most favorable to Plaintiff, she also performed a substantial amount of manual labor that was necessary to serve the restaurant's customers. Just as with the administrative exemption, determining Plaintiff's actual primary duties will require resolving factual disputes between the parties and assessing the credibility of the witnesses, making resolution of this issue inappropriate for summary judgment.

> b.   *Customarily and regularly direct the work of two or more employees*

"An employee who merely assists the manager of a particular department and supervises two or more employees only in the actual manager's absence does not meet this requirement." 29 C.F.R. § 541.104(c).  Defendants argue

that Plaintiff "regularly directed the work of all hourly employees during every shift." (Dkt. [106-1] at 14). Plaintiff claims "the employees did not require supervision" and she could not physically supervise other employees through the layout of the restaurant and the non-exempt duties she was responsible for during every shift. (Dkt. [123] at 15–16).

Even if Plaintiff's primary duties could be classified at this time as management, the evidence is not sufficient to determine that she customarily and regularly directed the work of two or more employees. Unlike in Barreto where the other employees performed their duties without supervision because they already understood their jobs, the parties here dispute Plaintiff's supervision of the other employees. Specifically, Plaintiff claims "employees did not require supervision . . . [as] [t]hey were scheduled by the general manager based on their abilities." (Dkt. [109] at 11). Defendant claims that Plaintiff "supervised the hourly employees whenever she was present in the store" and "was charged with taking action when an employee misbehaved and required discipline . . . ." (Dkt. [118] at 13). Thus, there is a triable issue as to whether Plaintiff customarily and regularly directed the work of two or more employees.

18

c.      *Authority or suggestions regarding hiring, firing and advancement given particular weight*

Just as with the other two requirements, the record reflects conflicting evidence as to whether particular weight was given to Plaintiff's suggestions regarding the hiring, firing and advancement of other people. To determine whether an employee's recommendations were given "particular weight," courts consider the following factors: (1) "whether it is part of the employee's job duties to make such suggestions and recommendations;" (2) "the frequency with which suggestions and recommendations are made or requested;" and (3) "the frequency with which the employee's suggestions and recommendations are relied upon." 29 C.F.R. § 541.105.

Plaintiff claims she only interviewed potential employees after filing suit, her recommendations regarding particular potential employees were not followed, and she only completed hiring paperwork for an individual hired over the phone by the general manager. (Dkt. [109] at 12–13). Defendants claim that "during the entire time [Plaintiff] occupied the Assistant Manager position, she conducted interviews, completed new hire paperwork, and made recommendations to the General Manager. (Dkt. [118] at 15–16). Again, these

factual disputes must be resolved, and summary judgment is inappropriate at this time.

As such, the Parties' motions for summary judgment as to the application of the executive exemption of the FLSA is **DENIED**.

### 3.    *Combination Exemption*

The regulations promulgated pursuant to the FLSA recognize that an employee may also be exempt from the FLSA's overtime compensation requirements if the employee's primary duty includes a combination of work that qualifies under two or more exemptions listed. 29 C.F.R. § 541.708. Because the Court finds that summary judgment is inappropriate regarding both the administrative and executive exemptions, the Parties' motions for summary judgment as to the application of the combination exemption is also **DENIED**.

### B.    *Measure of Damages*

While the FLSA requires non-exempt employees to receive time and one half over their "regular rate of pay" as overtime compensation, the statute does not define a regular rate of pay. See 29 U.S.C. § 207(a)(1); Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1310 (11th Cir. 2013). The parties dispute how the Court should calculate Plaintiff's regular rate of pay.

AO 72A
(Rev.8/82)

In <u>Lamonica</u>, the Eleventh Circuit described a general rule for calculating the regular rate of pay for employees who are employed on a weekly salary basis.[1]  In those circumstances, "the regular hourly rate of pay, on which time and half must be paid, is computed by dividing the salary by the number of hours which the salary is *intended to compensate*." <u>Id.</u> at 1311 (quoting 29 C.F.R. § 778.113(a) (emphasis added)). "Consequently 'where the employee is paid solely on a weekly salary basis, the number of hours the employee's pay is intended to compensate—not necessarily the number of hours he actually worked—is the divisor.'" <u>Id.</u> (quoting <u>Rodriguez v. Farm Stores Grocery, Inc.</u>, 518 F.3d 1259, 1268 n.5 (11th Cir. 2008)).[2]

If a plaintiff's salary was intended to compensate for *all* hours worked,

---

[1] "Where the salary covers a period longer than a workweek, such as a month, it must be reduced to its workweek equivalent." 29 C.F.R. § 778.113(b). The Parties do not dispute the Plaintiff was compensated on a fixed salary every two weeks.

[2] Under that scenario, if a plaintiff's salary was intended to compensate for 50 hours a week but the plaintiff actually worked 55 hours a week, the Court or a jury would still calculate the regular rate of pay by dividing the employee's salary by 50 hours. The overtime compensation for the 10 hours over 40 per week would be calculated at one half the regular rate because the employee was already partially compensated for those hours. However, the remaining five hours, that were not intended to be compensated, would be calculated at time and one half as the employee did not receive any compensation.

21

the "fluctuating workweek" method applies. Id. at 1310-11 (citing Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 580 (1942)). The fluctuating workweek method dictates that, "in the case of an employee who is paid constant weekly salary for fluctuating hours," courts should calculate the regular rate of pay "by dividing that weekly salary by the number of hours actually worked."[3] Id.

In this case, Defendants argue that if they are found liable for overtime, they are entitled to pay overtime calculated at half-time under the fluctuating workweek method, because they allege Plaintiff's salary covered her straight-time pay for the hours worked. (Dkt. [106-1] at 27–28). Specifically, Defendants argue the Plaintiff's salaried position "encompassed *at least* forty-five hours per week," which indicates the salary would cover all hours worked under the fluctuating workweek method. (Dkt. [106-1] at 27) (emphasis added). Plaintiff argues she agreed to a forty hour per week position. (Dkt. [113] at 28). Although the Plaintiff disputes the hours, she repeatedly admits during her

---

[3] So, under the earlier hypothetical, the employee working 55 hours a week under the fluctuating method would receive one half the regular rate for the 15 hours of overtime, as opposed to 10 hours at one half the regular rate and five hours at time and a half.

deposition that the position would "not . . . be more than 45 hours." (Dkt. [116-1] at 48–54). Although the record does not clearly support a fluctuating workweek, meaning Plaintiff's salary would compensate her for all hours worked, the record does support the intended hours to be compensated by the salary was forty-five hours. Therefore, if the Plaintiff is found to be non-exempt, the half-time calculation would be appropriate for the five additional hours over the forty hour workweek. Additionally, if Plaintiff is found to be non-exempt, any hours past the forty-five hours, shall be calculated at time and a half.

As such, the Court **GRANTS in part** and **DENIES in part**, Defendants' Motion for Summary Judgment as to this issue.

*C.    Quantum Meruit and/or Unjust Enrichment*

Defendants move for summary judgment on the state law claims of quantum meruit and unjust enrichment. Courts in the Eleventh Circuit have held that claims where plaintiffs merely "recast" their FLSA claims are preempted by the FLSA. See, e.g., Alexander v. Vesta Ins. Grp., Inc., 147 F. Supp. 2d 1223, 1240–41 (N.D. Ala. 2001) (holding that the FLSA preempted plaintiffs' fraud claim, based on defendants' alleged misrepresentations that

they were exempt from the FLSA, because plaintiffs were merely recasting their FLSA claims as state law claims in order to obtain additional damages); Tombrello v. USX Corp., 763 F. Supp. 541, 545 (N.D. Ala. 1991) ("As a matter of law, plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim."). The Court finds theses cases persuasive here.

The Court therefore **GRANTS** the Defendants' motions for summary judgment as to the Plaintiff's state law claims for quantum meruit and unjust enrichment.

### D.    *Willfulness*

If a defendant willfully violates the overtime compensation provision of the FLSA, a three-year statute of limitations, for which period back wages may be sought, is triggered, as opposed to the two-year limitations period that normally applies. 29 U.S.C. § 255(a). A finding of willfulness may also entitle Plaintiff to an award of liquidated damages. 29 U.S.C. § 216(b). As there exists a genuine issue of material fact as to whether Plaintiff fell within the administrative or executive exemptions, the Court has not determined that Defendants are liable for overtime pay. A finding of a willful violation must be

AO 72A
(Rev.8/82)

predicated on a finding of a violation of the overtime provision. See Cooke v. Gen. Dynamics Corp., 993 F.Supp. 56, 65 (D. Conn. 1997). Therefore, the Court **DENIES** both Plaintiff's and Defendants' motions for summary judgment as to the willfulness of any violation that may have occurred.

### E.    Retaliation

Defendants also moved for summary judgment on Plaintiff's retaliation claim. Specifically, Plaintiff claims that she was not promoted to the general manager position due to her pending FLSA lawsuit. (Dkt. [55]  ¶¶ 61–65). It is "unlawful for any person . . . to discharge . . . [an] employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3). To establish a prima facie case under Section 215(a)(3), Plaintiff must establish: "(1) she engaged in activity protected under the act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." Wolf v. Coca-Cola Co., 200F.3d 1337, 1342–43 (11th Cir. 2000). The parties do no dispute that the first two elements are satisfied.

"In demonstrating causation, the plaintiff must prove that the adverse

AO 72A
(Rev.8/82)

action would not have been taken 'but-for' the assertion of the FLSA rights."
Id. at 1343. Plaintiff can satisfy this burden if she proves a "close temporal
proximity" between the time Defendants learned about her protected activity
and the "failure to promote." Raspanti v. Four Amigos Travel, Inc., 266 Fed.
App'x 820, 823 (11th Cir. 2008). This "close temporal proximity" standard
requires that the actions be "very close." Clark Cty. Sch. Dist. v. Breedan, 532
U.S. 268, 273 (2001). "A delay of three to four months does not suffice."
Raspanti, 266 Fed. App'x at 823 (internal quotations and citations omitted).

Plaintiff has failed to prove a causal relation based on close temporal
proximity. Plaintiff filed this lawsuit in December 2014 and the alleged "failure
to promote" did not occur until October 2015, ten months later, which is too far
removed to establish a causal connection for retaliation. Therefore, Defendants'
motion for summary judgment as to the retaliation claim is **GRANTED**.

### Conclusion

Based on the foregoing, Defendant Munroe Foods 2 LLC's Motion for
Summary Judgment [106] is **GRANTED** as to Plaintiff's retaliation, quantum
meruit, and unjust enrichment claims; **GRANTED in part and DENIED in
part** as to the measurement of damages; and **DENIED** as to willfulness and the

26

applicability of any exemptions. Plaintiff's Motion for Summary Judgment [109] is **DENIED**. Defendant Bake One Inc.'s Motion for Summary Judgment [105] is **DENIED without prejudice** as to the issue of joint employment and disposed of in accordance with the Court's disposition of Defendant Munroe Foods 2 LLC's Motion for Summary Judgment [106] insofar as it was incorporated by reference into Bake One Inc.'s motion.

The parties are **ORDERED** to file a proposed consolidated pretrial order within 30 days of the entry of this Order.

**SO ORDERED**, this 15th day of December, 2016.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)